IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE LUIS CARRILLO HERNANDEZ, et al.,

Plaintiffs,

v.

CONSTRUCTORA SANTIAGO II, et al.,

Defendants.

CIVIL NO. 16-2600 (CVR)

## OPINION AND ORDER

### INTRODUCTION

Plaintiffs José Luis Carrillo Hernández ("Carrillo"), his wife María Cruz Figueroa ("Cruz") and the legal conjugal partnership composed between them (collectively "Plaintiffs") bring claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 and the American with Disabilities Act ("ADA"), 42 U.S.C. §12101, as a result of an alleged unjust dismissal and the employment practices of Defendants Constructora Santiago II ("CS II") and Lobe Contractors and Equipment, Inc. ("Lobe"). Defendants' alleged malfeasance includes a hostile work environment and harassment, retaliation and disability and age discrimination, which allegedly led to Carrillo's termination from his employment. Plaintiffs also bring forth claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, alleging Defendants' failure to timely provide Carrillo with the Consolidated Omnibus Budget Reconciliation Act ("COBRA")[1]

---

[1] COBRA gives workers and their families who lose their health benefits the right to choose to continue group health benefits provided by their group health plan for limited periods of time under certain circumstances such as voluntary or involuntary job loss, reduction in the hours worked, transition between jobs, death, divorce, and other life events. Qualified individuals may be required to pay the entire premium for coverage up to 102 percent of the cost to the plan. COBRA generally requires that group health plans sponsored by employers with 20 or more employees in the prior year offer employees and their families the opportunity for a temporary extension of health coverage (called continuation coverage) in certain instances where coverage under the plan would otherwise end. COBRA outlines how employees and family members may elect continuation coverage. It also requires employers and plans to provide notice. See United States Department of Labor website, www.dol.gov/general/topic/health-plans/cobra.

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 2
_____

notice which would have allowed him to continue with his employee group health plan insurance after his dismissal. Finally, Plaintiffs also raise claims under several of the laws of Puerto Rico.

Before the Court now is the Motion to Dismiss filed by Defendants CS II and Lobe. (Docket No. 9). Defendants urge the Court to dismiss the claims herein, insofar as Plaintiffs failed to exhaust administrative remedies regarding their Title VII, ADA, and ADEA claims against CS II, and the Court therefore lacks jurisdiction. Furthermore, they posit that the claims asserted by Plaintiff Cruz and the conjugal partnership cannot lie against Defendants, because they have no standing to sue under Title VII or any of the other local employment statutes, insofar as they only apply to Plaintiff Carrillo, who was the employee. Lastly, Defendants aver that Plaintiffs fail to plead facts that could show plausible entitlement to relief from co-Defendant Lobe.

For the reasons herein stated, the Court hereby GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the … claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

Case 3:16-cv-02600-CVR   Document 36   Filed 02/23/17   Page 3 of 10

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 3
_____

statement….' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see, e.g.* Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 663. Yet, the court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 4
_____

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U. S. at 670. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

## LEGAL ANALYSIS

### A. Failure to exhaust and joint/single employer.

Defendants' first contention is that Plaintiffs failed to exhaust administrative remedies regarding their Title VII, ADA, and ADEA claims against CS II, as Plaintiff only filed a discrimination claim against Lobe and not CS II. The Court analyzes this together with the joint/single employer argument, as they are closely intertwined.

In 1972, an amendment to the Civil Rights Act of 1964 made it possible for federal employees, as well as applicants to federal employment, to vindicate claims of discrimination in employment based on "race, color, religion, sex, or national origin" via judicial proceedings. 42 U.S.C. § 2000e-16(a). It has long been held that these remedies are exclusive and mandate that employees first exhaust the pertinent administrative steps prior to resorting to the court for relief. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94, 111 S.Ct. 453 (1990); Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-30, 96 S.Ct. 1961 (1976). Hence, federal agencies "may only be sued in federal court if the aggrieved employee … has exhausted all available administrative remedies". Misra

Case 3:16-cv-02600-CVR   Document 36   Filed 02/23/17   Page 5 of 10

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 5
_____

v. Smithsonian Astrophysical Observatory, 248 F.3d 37, 40 (1st Cir. 2001); see also Lebrón-Ríos v. U.S. Marshal Serv., 341 F.3d 7, 13 (1st Cir. 2003) ("[P]laintiffs could not proceed under Title VII without first exhausting administrative remedies") and Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir.2003) ("Judicial recourse under Title VII, however, is not a remedy of first resort….Plaintiff's "Title VII cause of action is limited to those discrimination and retaliation allegations in his … complaint that were previously the subject of a formal EEO complaint"). Thus, as Defendants correctly point out, "in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

Unless an exception exists for Plaintiff's failure to have named CS II in the administrative complaint, such as substantial identity between the respondent named in the EEOC charges, or that it acted as Defendant's agent, the filing of the present federal claim would be precluded for failure to exhaust administrative remedies. Rosario García v. Bd. of Trustees of Royalty Fund & Mechanized Cargo ILA 1575, Civ. No. 09-2175, 2010 WL 5095481, at *5 (D.P.R. Sept. 3, 2010).

Without much in the way of discussion, Plaintiffs counter with that exact defense, namely, that both Defendants are Plaintiff Carrillo's single-joint employer, and therefore notice to Lobe was sufficient notice to CS II. See Miranda v. Deloitte LLP, 922 F. Supp. 2d 210, 223 (D.P.R. 2013) (quoting Nieves v. Popular, Inc., 2013 WL 361163, 2013 U.S. Dist. LEXIS 13523 (D.P.R. 2013) (finding that "that notice to one will reach the other and

Case 3:16-cv-02600-CVR   Document 36   Filed 02/23/17   Page 6 of 10

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 6
_____

no prejudice will result from naming one party but not the other.").

Defendants posit that Plaintiffs' allegations are insufficient, and thus Plaintiffs are tendering "naked assertion[s]" devoid of "further factual enhancement" that fail to comply with the Iqbal, 556 U.S. at 662 pleading standard. They further assert that Plaintiffs are merely invoking two different and distinct doctrines, single employer and joint employer, without any meaningful discussion or application of the law to the facts, to see if any of them allows the claim against CS II to survive.

While it is true that Plaintiffs could have more fully developed their allegations, it has been well established that a complaint need not contain exact allegations, but merely "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2). No more is required. Furthermore, while Defendants have denied that CS II was Plaintiff Carrillo's employer, Plaintiffs have brought forth evidence that suggests otherwise. See Docket No. 29, Exhibit 1, which is a picture of an identification badge issued to Plaintiff Carrillo by none other than CS II, who denies having been Carrillo's employer, asserting instead that it was Lobe who employed him.

When faced with this issue, some courts have opted to allow the parties to conduct some limited and expedited discovery regarding the alleged employment relationship. See, *e.g.*, Rivera-Torres v. Ruiz-Vale, No. 13-1684 (SEC), 2016 WL 3962904, at *2 (D.P.R. July 21, 2016). Here, because no discovery on this matter has been effected, and where there is at least some evidence, however minimal, to substantiate Plaintiffs' allegations, the Court believes the wiser course of action is to deny the request to dismiss without

Case 3:16-cv-02600-CVR   Document 36   Filed 02/23/17   Page 7 of 10

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 7
_____

prejudice at this time and to allow the case to follow its normal discovery path. Defendants would be free to revisit this matter at the conclusion (or during) discovery and seek the appropriate relief from the Court if it is deemed necessary.

Defendants also aver that claims against Lobe should be dismissed because very little factual averments have been made against it. This matter, however, is directly linked to the Lobe/CS II single employer issue which will be more fully developed during discovery. If it is determined that Lobe and CS II are, in fact, a single or joint employer, then this issue will become moot and the claims against CS II and Lobe can move forward. Yet, that cannot happen until that determination is made. Thus, dismissal at this time would be premature.

Accordingly, Defendants' Motion to Dismiss, regarding the exhaustion of administrative remedies and single/joint employer cause of action, is DENIED WITHOUT PREJUDICE.

**B. Plaintiffs Cruz and the Conjugal Legal Partnership.**

Defendants posit that the claims brought by Plaintiffs Cruz and the conjugal partnership comprised between herself and Carrillo should be dismissed, insofar as there is no employer-employee relationship between Defendants and Cruz and the conjugal partnership. The Court gives short shrift to this argument, as Plaintiffs have failed to address this matter in their opposition, and the same is therefore considered waived. In any event, Defendants are correct.

Plaintiffs do not allege in this case that Cruz was Defendants' employee.

Therefore, Cruz' only connection with this case is the fact that she is married to Carrillo.

It has been clearly held that "spouses of individuals who have been victimized by employment discrimination cannot be said to fall within the class of persons Title VII was intended to protect." Patton v. United Parcel Serv., 910 F.Supp. 1250, 1278 (S.D.Tx.1995) (*citing* Feng v. Sandrik, 636 F.Supp. 77, 82 (N.D.Ill.1986)); *see also* Broussard v. L.H. Bossier, Inc., 789 F.2d 1158, 1160 (5th Cir. 1986). This district has further held that "[t]hough Congress intended Title VII to provide a broad foundation to remedy employment discrimination, it did not intend to provide a remedy to a spouse of a plaintiff having no employment connection with the employer." Díaz-Romero v. Ashcroft, 472 F. Supp. 2d 156, 162 (D.P.R. 2007) (*quoting* Ramos v. Roche Prods., 694 F.Supp. 1018, 1026 (D.P.R.1988), *vacated on other grounds*, 880 F.2d 621 (1st Cir. 1989); Paredes Figueroa v. Int'l Air Servs. of Puerto Rico, Inc., 662 F. Supp. 1202, 1204 (D.P.R. 1987) ("We are hard pressed to extend that description to define Mr. Paredes and Mrs. Despradel de Paredes' conjugal partnership as an "employee" under the ADEA since no employer-employee relationship existed between defendant and the conjugal partnership"). This is because Title VII only prohibits discrimination arising out of an employment relationship, which is not present here for Cruz or the conjugal partnership. Hickey v. Arkla Industries, Inc., 699 F.2d 748 (5th Cir.1978).

The same applies to the claims brought under local discrimination laws. Flamand v. Am. Int'l Grp., Inc., 876 F. Supp. 356, 372 (D.P.R. 1994) ("A spouse and a conjugal partnership do not have standing under ADEA and Law 100 because they do not meet the

Case 3:16-cv-02600-CVR   Document 36   Filed 02/23/17   Page 9 of 10

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 9
_____

description of an "employee" or of an individual who may bring suit under the statutes); Santini Rivera v. Serv Air, Inc., 94 J.T.S. 121 (1994) (family members and third parties may not bring suit under Law 100 if they were not the employees that suffered the discrimination).

Since Plaintiffs Cruz and the conjugal partnership did not maintain an employer-employee relationship with Defendants, their claims under Title VII and Law 80, P.R. Laws Ann., tit. 29 § 185(a) (unjust dismissal) and Law No. 100, P.R Laws Ann. tit. 29 § 146 (discrimination) are DISMISSED WITH PREJUDICE. Accordingly, Defendants' Motion to Dismiss the claims of Cruz and the conjugal partnership under Title VII, Law 80 and Law 100 is GRANTED.

### C.   COBRA claims.

The Court petitioned both parties for briefs on the ERISA causes of action (Docket No. 32) because Plaintiffs had argued against dismissal on an alternate ground.  They averred that regardless of whether or not they complied with the exhaustion requirement, the Court had jurisdiction to hear the case because it had original jurisdiction over the COBRA claim, which was not subject to the exhaustion requirement.  Defendants asserted that, even if the COBRA claim could survive, the Court could not maintain supplemental jurisdiction over the state claims because they did not arise under the "same nucleus of operative facts" test outlined in United States Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966).  Because the Court has declined to dismiss the case for failure to exhaust remedies at this juncture, and in an effort to avoid piecemeal

Case 3:16-cv-02600-CVR   Document 36   Filed 02/23/17   Page 10 of 10

José Luis Carrillo Hernández, et al. v. Constructora Santiago II, et al.
Civil No. 16-2600 (CVR)
Opinion and Order
Page 10
_____

litigation, this issue has now become moot. For this reason, the Court therefore does not reach the merits of COBRA issue at this time.

## CONCLUSION

For the aforementioned reasons, Defendants' Motions to Dismiss (Docket No. 9) is hereby GRANTED IN PART AND DENIED IN PART as follows:

- DENIED WITHOUT PREJUDICE regarding the exhaustion of administrative remedies and single/joint employer cause of action; and

- GRANTED as to the Title VII claims and the claims brought under Law 80 and Law 100 filed by co-Plaintiffs Cruz and the conjugal legal partnership.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 23rd day of February 2017.

         S/CAMILLE L. VELEZ-RIVE
         CAMILLE L. VELEZ RIVE
         UNITED STATES MAGISTRATE JUDGE